UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PRYOR,

        Plaintiff,

                                            Case Number 09-13185

v.                                           Honorable David M. Lawson

WAYNE COUNTY, JEROME PANACKIA,
MAUREEN MCMILLAN, DWIGHT
FULLILOVE, LUCIOUS JACKSON,
ANTHONY MILO, MAURICE THOMAS,
and DARON WEATHERSPOON,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Presently before the Court is the plaintiff's motion to compel the responses to the written deposition of Clara Sledge and for sanctions against defense counsel. The plaintiff explains that the responses were due on June 21, 2011, but remain outstanding. The defendants have filed a response indicating that Ms. Sledge answered the questions before a court reporter on June 20, 2011, Ms. Sledge's first available opportunity, but that the court reporter has not yet completed the transcript. The defendants also indicate that they mailed plaintiff's counsel a notice explaining that the deposition had been completed and providing the court reporter's contact information on June 20, 2011.

At a hearing on June 7, 2011, the defendants informed the Court that the plaintiff's requested deposition of Clara Sledge could not be scheduled with the other depositions on June 14, 2011 because Ms. Sledge allegedly was very busy. The Court allowed a special accommodation for Ms. Sledge and permitted her deposition to be taken by written interrogatories pursuant to Fed. R. Civ. P. 31 so that it could be fit in around her schedule. However, the Court ordered that Ms. Sledge'

"must submit her answers to the plaintiff **on or before June 21, 2011**." Order [dkt #70] at 2. Because of the contentiousness of discovery in this matter, the parties ought to be sensitive to the fact that the Court's orders must be obeyed. In the Court's order permitting Ms. Sledge's deposition by written interrogatories, the Court imposed a hard deadline of June 21, 2011. Defense counsel certainly should have anticipated delays from the court reporter and made arrangement to hire a court reporter who could have accommodated the Court's deadline or schedule the session sufficiently in advance to accommodate the necessary delay in the transcript's preparation.

> Rule 37(b)(2) of the Federal Rules of Civil Procedure states:
>
> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . includ[ing orders] . . . (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). The rule further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court generally will impose sanctions of escalating severity, including case-dispositive sanctions, in the event that the defendants continue to commit additional violations of the Court's orders. *Reg'l Refuse Sys., Inc*, 842 F.2d at 154-55.

The defendant has not complied with the Court's order requiring the deponent to furnish answers to deposition questions by a specific date, and the plaintiff is well within his rights to seek an order compelling these responses and imposing sanctions. Therefore, the Court will grant the plaintiff's motion, order the defendants to furnish Ms. Seldge's responses to the written interrogatories forthwith, and sanction the defendant $500 under Fed. R. Civ. P. 37 to be payable to the plaintiff as costs.

Accordingly, it is **ORDERED** that the plaintiff's motion to compel and for sanctions [dkt #73] is **GRANTED**.

It is further **ORDERED** that the defendants must furnish Ms. Sledge's responses to the written interrogatories **FORTHWITH** pursuant to the Court's June 7, 2011 Order [dkt #70].

It is further **ORDERED** that the defendants shall pay to the plaintiff the sum of $500 **on or before July 1, 2011**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 24, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 24, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL