UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PRYOR,

        Plaintiff,

                              Case Number 09-13185
v.                                Honorable David M. Lawson

WAYNE COUNTY, JEROME PANACKIA,
MAUREEN MCMILLAN, DWIGHT
FULLILOVE, LUCIOUS JACKSON,
ANTHONY MILO, MAURICE THOMAS,
and DARON WEATHERSPOON,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Presently before the Court is a motion for a protective order filed by the defendants seeking to prevent the plaintiff from continuing his deposition of witness Greg Hattaway or calling him at trial. The plaintiff filed an untimely response to the defendants' motion along with a motion for leave to file out of time. The Court denied the plaintiff's motion for leave to file out of time, but will consider the plaintiff's response because the plaintiff's input will benefit the Court's resolution of the issues.

Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope of discovery under this Rule is "broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). Even though all material obtained through discovery may

not be offered or admitted at trial, "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).  Discovery may be informal — by means of private investigation, witness interviews, and so forth — or it may follow the formal methods prescribed by the Federal Rules.  *See Dorsey v. City of Detroit*, 858 F.2d 338, 341-42 (6th Cir. 1988).  However, Rule 26's "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991).

Upon good cause shown, Federal Rule of Civil Procedure 26(c)(1) authorizes the entry of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  A court may fashion a protective order to limit discovery in a number of ways, including "forbidding the disclosure or discovery"; "specifying terms . . . for the disclosure or discovery"; "prescribing a discovery method other than the one selected by the party seeking discovery"; and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)-(D).  District courts must use their sound discretion in deciding whether (and in what fashion) to issue protective orders.  *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 306 (6th Cir. 2007).

The defendants note that the plaintiff failed to name Mr. Hattaway on any witness list and sought only to depose the "Union Representative present when Maureen McMillan was interviewed in connection with the Internal Affairs investigation."  Mot. for Protective Order at 3 (quoting Stipulated Order Compelling Discovery & Adjourning Dates (Apr. 19, 2011)).  When the plaintiff began asking questions that went beyond this investigation, the defendants assert that they were surprised and unprepared.  They seek to prevent the plaintiff from asking about Mr. Hattaway's

conversations with other union members concerning staffing issues, arguing that these conversations are irrelevant, constitute inadmissible hearsay, and lack foundation. The defendants request a protective order based on the "apex doctrine," which they believe precludes the deposition of an individual at the top of an organizational hierarchy when that individual lacks personal knowledge or the information could be obtained elsewhere, in order to avoid harassment or abuse inherent in discovery efforts. They assert that the plaintiff could obtain information about the investigation from an Internal Affairs tape of the session or from Clara Carter-Steele, the investigator responsible for defendant McMillan's hearing.

The plaintiff argues that the information provided by Mr. Hattaway concerning his conversations about staffing issues are relevant and go directly to the core issue of whether the defendant County had actual or constructive knowledge of — and therefore whether it was deliberately indifferent to — the problems created by low numbers of staff. The plaintiff's failure to include Mr. Hattaway on earlier witness lists was "unintentional," but he argues that the defendant should have known Mr. Hattaway fell within the general category of "any and all witness[es] and/or potential witnesses as named in the Defendant's Original and Supplemental Rule 26 Disclosures" because the defendants included the internal affairs tape in their disclosures. Pl.'s Resp. at 10. In any event, the plaintiff argues that the defendants were aware of his interest in deposing Mr. Hattaway at least as of April 19, 2011, he did not exclude Mr. Hattaway in order to gain a tactical advantage, and the defendants would not suffer any prejudice. The plaintiff's questions about other communications concerning short-staffing were proper because Mr. Hattaway made a similar statement on the tape and were not seeking information that was privileged under Federal Rule of Civil Procedure 26(b)(2)(C). Instead, the plaintiff asserts that Mr. Hattaway is the only individual

with personal knowledge of these conversations. The plaintiff also notes that he cannot use the tape at trial because he did not have an opportunity to authenticate it during the deposition.

     As the Court indicated above, the plaintiff is entitled to take discovery from a broad range of sources, including individuals not listed on his witness list, as long as that discovery is calculated to lead to evidence that may aid the plaintiff in proving his claims at trial. Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). The fact that the plaintiff's chosen deponent was not on his witness list is not grounds to bar the deposition. In addition, the plaintiff has explained that the questions he posed, concerning Mr. Hattaway's conversations with his supervisors about the problems of short-staffing, were targeted to obtain evidence about the defendant County's actual or constructive knowledge of these problems. This evidence is directly relevant to the plaintiff's deliberate indifference claim, and Rule 26 does not prevent the plaintiff from asking the deponent questions about these issues. The fact that such evidence may be harmful to the defendants' case does not provide grounds for issuing a protective order. Finally, the defendants assert the "apex doctrine" as a reason for discontinuing the deposition to prevent inconvenience and harassment to higher-ranking officials. However, this rationale for preventing a deposition is dispelled once the deposition has started and the deponent has been subjected to the inconvenience. The defendants have failed to demonstrate that Mr. Hattaway lacked personal knowledge about his own conversations with his superiors or that this information could be obtained from other less burdensome sources in order to invoke the apex doctrine. The information the plaintiff seeks is relevant to his claims and the plaintiff is entitled to complete the deposition of Mr. Hattaway.

The plaintiff's ability to present Mr. Hattaway at trial presents a different analytical issue. Federal Rule of Civil Procedure 26(a)(3) governs pretrial disclosures — information that must be shared before it may be used at trial — and requires parties to provide the names and contact information for their witnesses at least 30 days before trial, "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(A)(i) & (B). This rule also permits the defendants to file objections to any witnesses. Fed. R. Civ. P. 26(a)(3)(B). The local rules provide a format for presenting pretrial disclosures and objections through a joint final pretrial order, which must be provided to the Court "at, or if the judge requires, before the final pretrial conference." E.D. Mich. LR 16.2(a). This Court's scheduling order requires the parties to submit these orders to Chambers one week before the final pretrial conference. Am. Scheduling Order [dkt. #36] at 5-6. With respect to disclosure of witnesses in the joint final pretrial order, the local rule indicates that "[e]xcept as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed." E.D. Mich. LR 16.2(b)(8). The local rule also provides that "[o]nly listed witnesses will be permitted to testify at trial," and points litigants to Federal Rule of Civil Procedure for remedies for a party's failure to list a witness. *Ibid.*

The defendants agreed to the deposition of Mr. Hattaway, the "Union Representative present when Maureen McMillan was interviewed in connection with the Internal Affairs investigation," as part of the Court's April 19, 2011 stipulated order, and the parties began his deposition on June 14, 2011. As a result, notwithstanding the fact that he never appeared on a witness list supplied by the plaintiff, Mr. Hattaway meets the requirements in the local rules for appearing on the witness list for trial and testifying at trial. The joint final pretrial order in this matter is not due until September 28, 2011, and the plaintiff has not missed the deadline for adding Mr. Hattaway to this

document. The Court will deny the defendants' request for an order excluding Mr. Hattaway from trial.

However, the Court is sympathetic to the fact that the plaintiff's failure to list Mr. Hattaway on a witness list left the defendants unprepared for the scope of questions the plaintiff might ask, and now may incur additional expenses to prepare for the continuation of this deposition. The Court will order the plaintiff to bear the costs of the continued deposition and will order the parties to complete this deposition by August 5, 2011.

Accordingly, it is **ORDERED** that the defendants' motion for protective order [dkt. #82] is **DENIED**.

It is further **ORDERED** that the parties must complete the deposition of Greg Hattaway **on or before August 3, 2011**. The plaintiff will bear the costs of the continued deposition session.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---